# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MICKEY BROCKHAUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID GLADIEUX, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 1:15-cv-00074-JTM-SLC |

## OPINION AND ORDER

On January 21, 2016, Defendant Anthony Dennis, M.D., filed a motion to withdraw or strike his second answer to Plaintiff's first amended complaint, contending that his second answer is redundant and was filed without leave of Court. (DE 44). Plaintiff objects to the motion, stating that Dennis's request to withdraw the answer is "akin to bad faith and dilatory motive" because in his second answer Dennis "admits that all prisoner's medications are discontinued for 48 hours pursuant to Allen County Jail Policy." (DE 40 ¶ 5). For the following reasons, Plaintiff's objection to the motion will be overruled.

On June 11, 2015, the Court held a preliminary pretrial conference, setting July 31, 2015, as the deadline for any amendments to the pleadings by Plaintiff, and August 21, 2015, as the deadline for any amendments to the pleadings by Defendants. (DE 15; DE 16). On August 18, 2015, Plaintiff filed an amended complaint with leave of Court. (DE 19). On September 8, 2015, Dennis filed an answer (DE 22) to that amended complaint. However, on January 11, 2016, after additional counsel appeared on Dennis's behalf (DE 36; DE 37), Dennis filed *another* answer to Plaintiff's amended complaint (DE 40).

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it; otherwise, a party may amend its pleading only with leave of court or the opposing party's consent. Here, in violation of Rule 15(a), Dennis's second answer was filed without leave of Court and without Plaintiff's consent. *See, e.g.*, *GSI Grp., Inc. v. Sukup Mfg. Co.*, No. 05-3011, 2007 WL 757819, at *2 (C.D. Ill. Mar. 8, 2007) (striking defendant's amended answer that was filed without leave of court).

Furthermore, Dennis's second answer was filed past the deadline set by the Court for any amendments to the pleadings. Rule 16(b) requires leave of Court and a showing of good cause for untimely amendments, neither of which is present here. *See* Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Moreover, Dennis's second answer fails to comply with Local Rule 10-1, which requires that responsive pleadings "(1) restate verbatim the paragraphs from the pleading they respond to; and (2) immediately following each restated paragraph, state the response to that paragraph." N.D. Ind. L.R. 10-1(a). For all of these reasons, Dennis's request to withdraw or strike his second answer will be GRANTED, rendering the motions to strike the second answer filed by the other Defendants (DE 46; DE 48) MOOT.

Also before the Court is a second motion to amend complaint (DE 43) filed by Plaintiff on January 14, 2016, seeking leave to amend his complaint to add a *Monell* policy, practice, custom, and procedure claim against Defendant Allen County Sheriff. As "good cause" for the untimely amendment, Plaintiff cites Dennis's statement in the second answer that "that all prisoner's medications are discontinued for 48 hours pursuant to Allen County Jail Policy." (DE

40 ¶ 5).  Because the second answer is being stricken, Plaintiff's motion to amend is without good cause.  Consequently, the motion to amend will be DENIED.

In sum, Dennis's request to withdraw or strike his second answer (DE 44) is GRANTED, and the Clerk is DIRECTED to show the second answer (DE 40) as STRICKEN.  The motions to strike Dennis's second answer filed by the other Defendants (DE 46; DE 48) are MOOT.  Plaintiff's second motion to amend his complaint (DE 43) is DENIED.

SO ORDERED.

Entered this 1st day of February 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge