# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

MICKEY BROCKHAUS,         )
                                  )

       **Plaintiff,**        )
                                  )

**v.**                             )     **Case No. 1:15-cv-00074-JTM-SLC**
                                  )

**DAVID GLADIEUX,** *Allen County*    )
***Sheriff, et al.,***              )
                                  )

       **Defendants.**     )

## OPINION AND ORDER

On February 1, 2016, this Court entered an Opinion and Order (the "Order") (DE 50) granting Defendant Anthony Dennis, M.D.'s motion to withdraw his second answer (DE 40) on the basis that it was filed without leave of Court, was untimely, and did not comply with Local Rule 10-1. At the end of the Order, the Court also denied Plaintiff Mickey Brockhaus's second motion to amend his complaint (DE 43) seeking leave to add a *Monell* policy claim against Defendant Allen County Sheriff, noting that it solely relied on Dennis's second answer, which had just been stricken, as good cause for the motion. (DE 50 at 2-3). On February 8, 2016, Brockhaus filed a motion to reconsider (DE 54) the Order with respect to the denial of his motion to amend; the motion to reconsider is now ripe for ruling (DE 56).

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citations omitted); *see Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) ("Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." (citation omitted)). In his motion to reconsider, Brockhaus acknowledges

that the Court had the discretion to allow Dennis to withdraw his second answer. He disputes, however, the Court's denial of his motion to amend simply on the basis that Dennis's second answer had been stricken. Brockhaus argues that a statement made by Dennis in the second answer, even if stricken, constitutes an evidentiary admission sufficient to show good cause for Brockhaus to amend his complaint to include a *Monell* policy claim. (DE 54 ¶ 7). The particular statement at issue in the second answer reads: "Dr. Dennis admits that all prisoners' medications are discontinued for 48 hours pursuant to Allen County Jail Policy . . . ." (DE 40 ¶ 5). Defendants do not address Brockhaus's assertion concerning evidentiary admissions and instead merely argue that any statements in Dennis's stricken second answer do not "constitute judicial admissions" that Brockhaus can rely on. (DE 56 ¶ 11).

Both parties' assertions are correct. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel . . . ." *First Fin. Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819, 831-32 (C.D. Ill. 2015) (quoting *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995)). "Essentially all other types of party statements are simply evidentiary admissions, and may thus be admissible evidence under Federal Rule of Evidence 801(d)(2)." *Id*. (citing *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996)); *see* 2 *McCormick On Evid.* § 254 (7th ed.) (defining an evidentiary admission as "words in oral or written form or conduct of a party or a representative offered in evidence against the party"). "The difference between these two types of admissions is crucial, because judicial admissions are conclusive, while evidentiary admissions can later be controverted or explained by the party." *First Fin. Bank, N.A.*, 71 F. Supp. 3d at 832 (citing *Keller*, 58 F.3d at 1198 n.8); *see, e.g.*, *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) (stating that under some circumstances a

party may offer earlier versions of its opponent's pleadings that have been superceded and "in effect withdrawn" as evidence of the facts therein, but such withdrawn pleadings are not judicial admissions, and the opponent may offer evidence to rebut these allegations).  Applying this standard, the statement at issue made by Dennis in his second answer is an evidentiary admission that may be rebutted by Defendants.

As to the timeliness of Brockhaus's motion to amend, the last date for Brockhaus to seek leave to amend his pleadings passed on July 31, 2015.  (DE 15; DE 16).  A party seeking to amend a pleading after the date specified in a scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b)(4).  *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-20 (7th Cir. 2011) (collecting cases).  Upon a showing of good cause, "[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court."  *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted).  "The court 'should freely give leave when justice so requires.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962).  "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile."  *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

Here, Brockhaus urges that the evidentiary admission made by Dennis in his second answer on January 11, 2016, concerning the purported policy of discontinuing all prisoners' medications for 48 hours constitutes good cause under Rule 16(b) to amend his complaint after the applicable deadline to add a *Monell* policy claim.  As stated above, Defendants did not

3

respond to Brockhaus's argument concerning the evidentiary admission and instead simply assert, without citation to authority, that "[t]he Plaintiff cannot rely upon a stricken pleading to constitute good cause to amend his complaint as required by Fed. R. Civ. P. 15(a)(2)."  (DE 56 ¶ 16).  Notably, Defendants do not argue that Brockhaus should be denied leave to amend on any other grounds, such as that he unduly delayed in filing the motion, that Defendants would suffer undue prejudice, or that the proposed amendment is futile.

Having now reconsidered Brockhaus's motion and Defendants' arguments in opposition, the Court finds that it erred in denying Brockhaus leave to amend his complaint on the basis that it granted Dennis's motion to withdraw his second answer.  Dennis's statement in his second answer concerning the Allen County Jail's purported policy of discontinuing all prisoner's medications for 24 hours is an evidentiary admission, which, in turn, provides sufficient "good cause" under Rule 16(b) to grant leave to Brockhaus to amend his complaint to assert a *Monell* policy claim.  Fed. R. Civ. P. 16(b)(4).  The Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2)).

Therefore, Brockhaus's motion to reconsider (DE 54) the Court's Order dated February 1, 2016, and his second motion to amend his complaint (DE 43) are both GRANTED.  The Clerk is DIRECTED to show Brockhaus's second amended complaint (DE 43-1) filed.

SO ORDERED.

Entered this 15th day of March 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge